IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

ISRAEL ALVARADO-REYES,

                Plaintiff,

    v.

DR. KAREN E. REYNOLDS and the WISCONSIN
DEPARTMENT OF CORRECTIONS,

                Defendants.

OPINION AND ORDER

14-cv-101-wmc

---

Plaintiff Israel Alvarado-Reyes has filed a proposed civil action pursuant to 42 U.S.C. § 1983, alleging that he was denied adequate medical care while incarcerated by the Wisconsin Department of Corrections. Plaintiff requests leave to proceed *in forma pauperis* and has made an initial, partial payment toward the full filing fee for this lawsuit. *See* 28 U.S.C. § 1915(b)(1). Because he is incarcerated, the court is also required by the Prison Litigation Reform Act to screen the complaint and dismiss any portion that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks money damages from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

In addressing any *pro se* litigant's complaint, the court must read the allegations generously, reviewing them under "less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 521 (1972). Even under this lenient standard, the complaint must be dismissed for reasons outlined briefly below.

ALLEGATIONS OF FACT

For purposes of this order, the court accepts the plaintiff's well-pleaded allegations as true and assumes the following probative facts.

Plaintiff Alvarado-Reyes is currently incarcerated by the Wisconsin Department of Corrections ("WDOC") at the Stanley Correctional Institution. Defendant Karen E. Reynolds is a physician who performed surgery on Alvarado-Reyes at the University of Wisconsin Hospital in Madison on September 18, 2012, to repair an inguinal hernia located on his right groin.

Alvarado-Reyes was confined to a wheelchair for two months after the surgery. Thereafter, Alvarado-Reyes continued to experience intense pain radiating to his scrotum. A CT scan showed thickening of the spermatic cord and cord structures.

Alvarado-Reyes underwent exploratory surgery on July 22, 2013, for chronic right inguinal pain, post-inguinal hernia repair. He allegedly continued to experience extreme pain following that procedure, which was performed by a different physician (Dr. Ott). On September 9, Alvarado-Reyes underwent a third surgery to repair his right inguinal hernia.

Alvarado-Reyes contends that he has suffered great pain through no fault of his own and has been unable to perform normal, everyday activities like walking, sports, laughing or working. He contends that Dr. Reynolds violated his constitutional rights under the Eighth Amendment by failing to repair his inguinal hernia during the first surgery that was performed in September 2012. He claims further that WDOC is generally liable for failing to provide him with adequate medical care. Alvarado-Reyes seeks compensatory damages in the amount of $250,000.00, as well as punitive damages in the amount of $450,000.00 for his pain and suffering.

OPINION

A complaint may be dismissed for failure to state a claim where the plaintiff alleges too little, failing to meet the minimal federal pleading requirements found in Rule 8 of the

Federal Rules of Civil Procedure. Rule 8(a) requires a "'short and plain statement of the claim' sufficient to notify the defendants of the allegations against them and enable them to file an answer." *Marshall v. Knight*, 445 F.3d 965, 968 (7th Cir. 2006). While it is not necessary for a plaintiff to plead specific facts, he must articulate "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

A plaintiff may also plead himself *out* of court. *See Tamayo v. Blagojevich*, 526 F.3d 1074, 1086 (7th Cir. 2008); *see also Jackson v. Marion County*, 66 F.3d 151, 153-54 (7th Cir. 1995) ("[A] plaintiff can plead himself out of court by alleging facts which show that he has no claim, even though he was not required to allege those facts. Allegations in a complaint are binding admissions, and admissions can of course admit the admitter to the exit from the federal courthouse.") (citations omitted)). In that respect, when a plaintiff pleads facts showing that he does not have a claim, the complaint should be dismissed "without further ado." *Thomson v. Washington*, 362 F.3d 969, 970-71 (7th Cir. 2004).

Section 1983 provides a remedy or private right of action against "[e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws." 42 U.S.C. § 1983. To establish liability under § 1983, a plaintiff must establish that (1) he had a constitutionally protected right; (2) he was deprived of that right in violation of the Constitution; (3) the defendant intentionally caused that deprivation; and (4) the defendant acted under color of state law. *Cruz v. Safford*, 579 F.3d 840, 843 (7th Cir. 2009); *Schertz v. Waupaca County*, 875 F.2d 578, 581 (7th Cir. 1989).

3

As outlined above, Alvarado-Reyes alleges that he was denied adequate medical care in violation of the Eighth Amendment. To state an Eighth Amendment violation for the denial of medical care, however, a prisoner must allege facts from which it can be inferred that prison officials were deliberately indifferent to a serious medical need. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). A prison official acts with deliberate indifference if he intentionally disregards a known, objectively serious medical condition that poses an excessive risk to an inmate's health. *See Farmer v. Brennan*, 511 U.S. 825, 837 (1994). Serious medical conditions include: (1) those that are life-threatening or that carry risk of permanent serious impairment if left untreated; (2) those in which the deliberately indifferent withholding of medical care results in needless pain and suffering; and/or (3) conditions that have been "diagnosed by a physician as mandating treatment." *Gutierrez v. Peters*, 111 F.3d 1364, 1371-73 (7th Cir. 1997).

The complaint must be dismissed for two reasons. *First*, Alvarado-Reyes cannot maintain an Eighth Amendment claim against WDOC, it is immune from a suit for money damages as a state agency. The Eleventh Amendment "precludes a citizen from suing a state for money damages in federal court without the state's consent." *Wynn v. Southward*, 251 F.3d 588, 592 (7th Cir. 2001). As a state agency, "defendant [Wisconsin] Department of Corrections enjoys the state's Eleventh Amendment immunity from federal lawsuits." *Arndt v. Wisconsin Dep't of Corr.*, 972 F. Supp. 475, 477 (W.D. Wis. 1996); *see also Kroll v. Bd. of Trustees of Univ. of Illinois*, 934 F.2d 904, 907 (7th Cir. 1991); *Van Patten v. D.O.C.*, No. 06-cv-374-bbc, 2006 WL 3017285, at *3 (W.D. Wis. Oct. 18, 2006) ("Wisconsin Department of Corrections and Bureau of Prison Health Services are not proper respondents to [a]

4

petitioner's § 1983 claims."). Because Wisconsin has not waived its immunity from suits brought under § 1983, the complaint against WDOC must be dismissed.

*Second*, accepting all of his allegations as true, Alvarado-Reyes has not stated an Eighth Amendment claim against Dr. Reynolds. A prison physician violates the Eighth Amendment's prohibition against cruel and unusual punishment *only* when her conduct demonstrates "deliberate indifference" to a prisoner's serious medical needs, thereby constituting an "unnecessary and wanton infliction of pain." *Wilson v. Seiter*, 501 U.S. 294, 297 (1991) (quoting *Estelle*, 429 U.S. at 104). Inadvertent error, negligence and even gross negligence are insufficient grounds to invoke the Eighth Amendment. *Vance v. Peters*, 97 F.3d 987, 992 (7th Cir. 1996).

To the extent that Alvarado-Reyes contends that Dr. Reynolds was unsuccessful in repairing his inguinal hernia, or that she performed surgery incorrectly, his claim sounds in negligence. Mere allegations of medical malpractice or negligence do not demonstrate deliberate indifference or implicate a constitutional violation of the Eighth Amendment. *Estelle*, 429 U.S. at 107; *see also Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011) ("Deliberate indifference is 'more than negligence and approaches intentional wrongdoing.'") (quotation omitted); *Duckworth v. Ahmad*, 532 F.3d 675, 679 (7th Cir. 2008) ("Deliberate indifference is not medical malpractice; the Eighth Amendment does not codify common law torts."). Accordingly, his complaint fails to state a claim upon which relief can be granted under 42 U.S.C. § 1983.

ORDER

IT IS ORDERED that:

1. Plaintiff Isreal Alvarado-Reyes's request for leave to proceed is DENIED and the complaint is DISMISSED with prejudice for failure to state a claim upon which relief can be granted under 42 U.S.C. § 1983.

2. The dismissal will count as a STRIKE for purposes of 28 U.S.C. § 1915(g).

3. Once he accumulates three strikes, Plaintiff is advised that he will no longer be eligible to bring a civil action or appeal unless the pleadings reflect that he is under imminent danger of serious physical injury.  28 U.S.C. § 1915(g).

Entered this 3rd day of March, 2015.

                    BY THE COURT:

                    /s/

                    _____
                    WILLIAM M. CONLEY
                    District Judge